IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MARCUS YANO, | ) | Civ. No. 11-00745 SOM-BMK |
|---|---|---|
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION THAT |
| vs. | ) ) | PLAINTIFF'S MOTION TO REMAND BE DENIED |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendant. | ) ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO
<u>REMAND BE DENIED</u>

Before the Court is Plaintiff Marcus Yano's motion to remand this action to state court. (Doc. # 11.) After careful consideration of the motion, the supporting and opposing memoranda, and the arguments of counsel, the Court FINDS and RECOMMENDS that the motion be DENIED.

<u>BACKGROUND</u>

On July 7, 2011, Plaintiff filed a complaint in state court against GEICO Insurance Agency Inc. (Mem. in Supp. of Mot., Ex. 1.) On November 28, 2011, Plaintiff filed an amended complaint solely against Defendant Government Employees Insurance Company ("Defendant"), alleging in part that Defendant wrongfully denied Plaintiff insurance coverage after Plaintiff suffered a motorcycle

accident.  (Doc. # 1 Ex. A at ¶¶ 24, 25.)  The amended complaint also asserted causes of action for negligence, breach of contract, unfair and deceptive business practices under HRS Chapter 480, breaches of the covenant of good faith and fair dealing, negligent or intentional infliction of emotional distress, and punitive damages.  (Id. at 6-9.)  The amended complaint sought relief in the form of a declaration that "the GEICO policy provided UM and UIM coverages in the amounts of the Yanos policy, and that Plaintiff is entitled to recover at least this amount in damages for the subject collision[.]"  (Id. at 9.)  The amended complaint also sought general and special damages.  (Id.)

On December 9, 2011, Defendant filed a notice of removal, seeking to remove the case to this Court.  (Doc. # 1.)  Plaintiffs subsequently filed the instant motion to remand, asserting that: 1) Defendant failed to meet the $75,000 threshold for diversity jurisdiction in 28 U.S.C. § 1332; 2) the parties are not diverse; and 3) Defendant's removal of the case was untimely because it should have removed the case thirty days from the time the initial complaint was filed, rather than 30 days from the time the amended complaint was filed.  (Mem. in Supp. of Mot. at 1-10; Doc. # 19 at 1-3; Doc. #11 at ¶ 7.)  As discussed below, the Court concludes that the amended complaint meets the $75,000 threshold, the parties are diverse, and that Defendant timely filed its notice of removal.  Therefore, the Court FINDS and

RECOMMENDS that Plaintiff's motion to remand be DENIED.

## DISCUSSION

Plaintiff's argument that his claims do not meet the $75,000 threshold in 28 U.S.C. § 1332(a) fails because Plaintiff has claimed at least $100,000 in damages. Plaintiff's amended complaint requests that "the Court declare that the GEICO policy provided UM coverage with limits available at the time of Plaintiff's accident from his parents' GEICO insurance policy based on the 'resident relative' doctrine . . . ." (Doc. # 1, Ex. A at ¶ 25.) The amended complaint requests that "the Court declare that for the subject collision, the GEICO policy provided UM and UIM coverages <u>in the amount of the Yanos policy, and that Plaintiff is entitled to recover at least this amount in damages for the subject collision</u> . . . ." (<u>Id.</u> at 9 ¶ 1) (emphasis added.) GEICO has attached the policy to its memorandum in opposition, and the policy is for $100,000. (Mem. in Op. Ex. 2 at 2.) Additionally, Plaintiff has also requested punitive damages and treble damages. (Doc. # 1, Ex. A at 8-9 ¶¶ 42, 45, 51.) Thus, Plaintiff seeks at least $75,000 in damages, and the Court has diversity jurisdiction.

Plaintiff's argument that the parties are not diverse fails because the amended complaint clearly indicates that the parties are diverse. (Doc. #1, Ex. A at ¶¶ 1, 2.)

Finally, Defendant timely filed its notice of removal. Plaintiff asserts that the time for removal started after service of the first complaint on August 25, 2011. (Doc. # 19 at 2.) The first complaint named GEICO Insurance Agency Inc. as the defendant. Plaintiff asserts that Defendant should have sought removal after the first complaint was served, because the same agent is listed with the DCCA for Defendant and GEICO Insurance Agency Inc., and therefore Defendant received notice of Plaintiff's complaint. (Id. at 2-3.) Defendant asserts that formal service of the amended complaint triggered the time period for removal. (Mem. in Op. to Mot. at 14.)

The notice of removal is timely because the service of the amended complaint started the time period for removal. The plain language of the removal statute supports this conclusion. See 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days <u>after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .</u>"). Also, the United States Supreme Court has held that an "individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347 (1999). District

4

courts in other jurisdictions have also reached similar conclusions. In <u>Millentree v. TENT Restaurant Operations, Inc.</u>, Fox and Hound bar merged into another corporation called TENT. No. 08-0394, 2008 WL 4559879, at *1 (W.D. Mo. Oct. 8, 2008). The initial complaint named Fox and Hound as the defendant, and plaintiff subsequently amended the complaint to assert claims against TENT. The district court held that the time for removal began after the plaintiff amended the complaint to state claims against TENT. <u>Millentree</u>, 2008 WL 4559879, at *2 (W.D. Mo. Oct. 8, 2008). Furthermore, as a practical matter, it is unclear that GEICO had the ability to remove the case when it was not a party to the case. 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, <u>may be removed by the defendant or the defendants,</u> to the district court of the United States for the district and division embracing the place where such action is pending.") (emphasis added.) Finally, Plaintiff's reliance on <u>Cantrell v. Great Republic Insurance Co.</u> is unpersuasive, because in that case, the Ninth Circuit held that the Defendant's "active participation in the litigation, including its filing of an answer and a cross-complaint in response to Cantrell's original complaint, precludes it from arguing that the time for removal began to run as to [it] only from the time of its formal addition as a defendant in Cantrell's amended complaint." 873 F.2d 1249,

1256 (9th Cir. 1989). Defendant did not actively participate in this case prior to the filing of the amended complaint; therefore, Cantrell does not apply.

## CONCLUSION

Based on the foregoing, the Court concludes that it has jurisdiction over the case, and it FINDS and RECOMMENDS that the motion to remand be DENIED.

DATED: Honolulu, Hawaii, March 23, 2012.

IT IS SO FOUND AND RECOMMENDED.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Yano v. Government Employees Insurance Company, Civ. No. 11-00745 SOM-BMK,
FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO REMAND BE DENIED